Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | Marvin E. Aspen |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50004 | **DATE** | 7/5/2001 |
| **CASE TITLE** | CHAPMAN vs. NORWEGIAN CRUISE LINE LTD., et al. | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, the court denies Norwegian's Motion to Dismiss. The court hereby transfers the case to the Federal Court in the Southern District of Florida pursuant to 28 U.S.C. § 1406(a).

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | JUL -6 2001 date docketed | 9 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | 2001 JUL -6 AM 11:27 | 7-6-01 date mailed notice |
| /SEC | courtroom deputy's initials | date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Randal and Michelle Chapman ("the Chapmans"), have filed a complaint against Norwegian Cruise Line Ltd, d/b/a Norwegian Cruise Line and Norwegian Cruise Line, Inc. (collectively referred to as "Norwegian"), alleging Norwegian's negligence resulted in injuries to the Chapmans. The court has diversity jurisdiction as the Chapmans are residents of Illinois, Norwegian is incorporated in Florida, and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. Before the court is Norwegian's motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12. Norwegian argues the complaint should be dismissed because the court lacks personal jurisdiction over it. Alternatively, Norwegian argues the complaint should be dismissed for lack of proper venue, or should be transferred under the doctrine of forum non conveniens.

Because the court finds the forum selection clause ("clause") to be dispositive, the court need not address the question of personal jurisdiction to transfer venue pursuant to 28 U.S.C. § 1406. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962); Hapaniewski v. City of Chicago Heights, 883 F.2d 576, 579 (7th Cir. 1989). Furthermore, the enforceability of a forum selection clause precludes dismissal on forum non conveniens grounds. AAR Intern., Inc. v. Nimelias Enter. S.A., 250 F.3d 510, 525-26 (7th Cir. 2001). Because this is a case in admiralty, federal law governs the enforceability of the forum selection clause. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590 (1991). When a motion to dismiss for lack of proper venue is based on a forum selection clause, it is reviewed under Rule 12(b)(3). Weidner Communications, Inc. v. H.R.H. Prince Bandar Al Faisal, 859 F.2d 1302, 1306 (7th Cir. 1988); See Also Argueta v. Banco Mexicano, S.A., 87 F.3d 320 (9th Cir. 1996). On a motion to dismiss for improper venue based on a forum selection clause, the plaintiff has the burden of showing that the clause is unenforceable. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18 (1972). A court may examine evidence outside the complaint, Nagel v. ADM Investor Serv., Inc., 995 F. Supp. 837, 843 (N.D. Ill. 1998), without causing conversion of the motion to one for summary judgement under Rule 56. Karlberg European Tanspa, Inc. v. JK-Josef Kratz Vertriebsgeselischaft MbH, 699 F. Supp. 669, 670 (N.D. Ill. 1988).

The clause arises out of a passenger ticket contract which accompanied a ticket the Chapmans purchased through a travel agent. (Def. Mot., Kilgour Aff., Exh. A.) The ticket contract contains a large black box with the words "IMPORTANT NOTICE" and statements clearly directing customers attention to the "terms and conditions . . . set forth below." Clause 1 of the contract provides, "This passenger ticket contract . . . constitutes a contract of passage . . . All the terms and provision of all sides of this Contract . . . are a part of this Contract . . . the passenger . . . acknowledge and agree to be bound thereby . . ." The forum selection clause provides:

> 28. This Contract shall be governed in all respects by the laws of the State of Florida and the laws of the United States of America. It is hereby agreed that any and all claims, disputes or controversies whatsoever arising from or in connection with this Contract and the transportation furnished hereunder shall be commenced, filed and litigated, if at all, before a court of proper jurisdiction located in Dade County, Florida, U.S.A.

(Id.)

Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." Id. at 589; Bremen, 407 U.S. at 10. A forum selection clause is enforceable unless (1) "the incorporation of the clause was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that [the complaining party] will for all practical purposes be deprived of its day in court; or (3) enforcement . . . would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision." AAR Intern., Inc. v. Nimelias Enter. S.A., 250 F.3d 510, 525 (7th Cir. 2001) (quoting Bonny v. Society of Lloyd's, 3 F.3d 156, 160 (7th Cir. 1993)). The Supreme Court upheld the enforceability of a forum selection clause strikingly similar to the one before this court. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991).

Any suggestion of bad faith motives in choosing a forum is overcome by Norwegian having its principal place of business in Florida. See Shute, 499 U.S. at 595. Because Norwegian's principal place of business is in the venue selected in the forum selection clause and the Chapmans have not presented any evidence that Norwegian exerted undue influence, the court finds that the forum selection was not the result of fraud or bad faith motive.

The Chapmans argue that litigating in Florida would be too inconvenient as their doctors, witnesses, and expert witnesses reside in either Illinois or Las Vegas, Nevada. (Reply, at 10.) The Supreme Court and other courts have rejected arguments in cases with similar logistical challenges. Id. at 594-95; Cafcus v. Radisson Seven Seas, No. 00 C 7936, 2001 WL 558049, at *3 (N.D. Ill. May 21, 2001); Cf. Walker v. Carnival Cruise Lines, 107 F. Supp. 2d 1135, 1140-43 (N.D. Cal. 2000) (clause not enforced in part because quadriplegic plaintiff had limited financial means). Because there is no evidence that litigating in Florida is so overly burdensome to the Chapmans so as to constructively deprive them of their day in court, the court finds that the Chapmans did not meet the "heavy burden of proof" required to set aside the clause on grounds of inconvenience. See Shute, 499 U.S. at 595. The court also fails to find significant public policy for refusing to enforce the clause. See Id.

Finally, the Chapmans cite to Ho Yang v. M/V Minas Leo, 76 F.3d 391 (9th Cir. 1996) (unpublished) which states Shute has been overruled by subsequent legislative action to 46 U.S.C. § 183c thereby making invalid forum selection clauses in the passenger context. After amending 46 U.S.C. § 183c in 1992 by adding "any" before "court," Oceans Act of 1992, Pub. L. No. 102-587, § 3006, 106 Stat. 5039, 5068 (1992), Congress reverted back to the original language in 46 U.S.C. § 183c in 1993. Coast Guard Authorization Act of 1993, Pub. L. No. 103-206, § 309, 107 Stat. 2419, 2425 (1993). This means that since Shute, "section 183c has been amended twice, with the end result being that it now reads exactly as it did when the Supreme Court rendered the decision in Shute. Consequently, the analysis in Shute controls." Smith v. Doe, 991 F. Supp. 781, 782 (E.D. La. 1998). The majority of courts continue to recognize the viability of Shute. Smith, 991 F. Supp. at 782 (and cases cited therein).

For the reasons stated above, the Chapmans have not demonstrated a compelling argument for the court to find the clause unenforceable. Because the court finds the forum selection clause to be valid and enforceable, Florida is the appropriate forum. As the statute of limitations has expired, thereby barring the Chapmans from re-filing their claim in the appropriate venue (Reply at 7), the court hereby transfers the case to the Federal District Court in the Southern District of Florida pursuant to 28 U.S.C. § 1406(a).